# EXHIBIT 2

Electronically Filed by Superior Court of California, County of Orange, 04/18/2022 06:46:33 PM.
30-2022-01255339-CU-PL-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

**MARTORELL LAW APC**
Eduardo Martorell, State Bar No. 240027
EMartorell@Martorell-Law.com
Jean-Paul Le Clercq, State Bar No. 248818
JPLeClercq@Martorell-Law.com
Playa District
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Phone: (323) 840-1200; Fax: (323) 840-1300

Attorneys for Plaintiff JASMIN CLARK,
individually and on behalf of all other similarly situated

Assigned for All Purposes
Judge Peter Wilson
CX-102

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CIVIL COMPLEX CENTER

| | |
|---|---|
| JASMIN CLARK, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Washington corporation; DAJ DISTRIBUTION, INC. dba ONYX DISTRIBUTION, INC., a California corporation; and DOES 1 – 20, inclusive,<br><br>Defendants. | Case No. **30-2022-01255339-CU-PL-CXC**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY;**<br>2. **BREACH OF EXPRESS WARRANTY;**<br>3. **STRICT PRODUCTS LIABILITY;**<br>4. **NEGLIGENCE;**<br>5. **VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS PRACTICES ACT, CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200;**<br>6. **FALSE ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17500**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JASMIN CLARK ("Plaintiff"), individually and on behalf of all similarly situated individuals, hereby brings this Class Action Complaint against Defendants AMAZON.COM, INC ("Amazon") and DAJ DISTRIBUTION, INC, d.b.a. ONYX DISTIRBUTION, INC. ("ONYX") (hereinafter collectively referred to as "Defendants"), and alleges, avers, and complains, as follows:

1

CLASS ACTION COMPLAINT FOR DAMAGES

## PARTIES

1.     Plaintiff is an individual and a resident of Orange County, California, with her principal place of residence in Irvine, California.

2.     Upon information and belief, Defendant Amazon is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Washington. Defendant Amazon maintains offices in Orange County and is engaged in business in the State of California.

3.     Upon information and belief, Defendant ONYX is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California.  Defendant ONYX maintains offices in Orange County and is engaged in business in the State of California.

4.     The true names and capacities of defendants Does 1 through 20, inclusive, and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff and other Class Members.  Plaintiff will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

5.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein

6.     Defendants, including Does 1 through 20, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

7.     Defendants, including Does 1 through 20, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now

2

CLASS ACTION COMPLAINT FOR DAMAGES

and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment,

8. Defendants, including Does 1 through 20, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

9. Defendants, including Does 1 through 20, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to Code of Civil Procedure section 410.10. The action is brought pursuant to Code of Civil Procedure section 382. Plaintiff brings this action on her own behalf, and on behalf of all persons within the Class as hereinafter defined.

11. Venue is proper in this County pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that Plaintiff resides in Irvine, California. Additionally, and on information and belief, Defendants maintain offices in Orange County and transact business within Orange County.

12. Moreover, this matter should not be removed to Federal Court because Defendants will not be able to prove the necessary amount in controversy as follows:

a. Defendants will not be able to satisfy the requirements of 28 U.S.C. section 1332(a). Specifically, the products at issue in this case typically sold for less than $100 on Defendant Amazon's website. Accordingly, it is unlikely that any individual class member will be claiming $75,000.00 or more individual damages. Further, there is no collective property interest in this matter, such that Plaintiff and class member claims should not be combined and aggregated to meet the $75,000.00 jurisdictional requirement.

b. Similarly, Defendants will not be able to satisfy the requirements of 28 U.S.C. section 1332(d)("CAFA"). Plaintiff is informed and believes and thereon alleges that, given the amount Plaintiff and each individual class member will claim as damages,

CLASS ACTION COMPLAINT FOR DAMAGES

the total aggregate amount will be less than the $5,000,000.00 jurisdictional requirement to remove a class action pursuant to CAFA.

**GENERAL ALLEGATIONS**

13.     This is a class action pursuant to Section 382 of the California Code of Civil Procedure to vindicate rights afforded the class by California law.  This action is brought on behalf of Plaintiff and all persons that purchased a NuDerma Skin Wand via Defendant Amazon's storefront called Pure Daily Care ("NuDerma Wand" or "NuDerma Wands".)

14.     The NuDerma Wands have been described as a "system [that] specializes in different areas of skin therapy like acne treatment and wrinkle reduction but regular use provides a drastic overall improvement in skin profile."  An example of one such NuDerma Wand can be found located at: https://www.amazon.com/NuDerma-Skin-Therapy-Wand-Tightening/dp/B06W5PD1KY/.

15.     The NuDerma Wands were and are represented to be safe and Plaintiff is informed and believes and thereon alleges that they did not come with warning labels regarding potential malfunction.  For example, the NuDerma Wands were advertised as follows: "Nuderma produces 10 watts of power at high frequency 50-60Hz waves which is completely painless and effective in reducing wrinkles and fine lines over time by boosting circulation and collagen product which help 'plump' skin cells to fill in voids which are the underlying cause of wrinkles and fine lines."

16.     Plaintiff is informed and believes and thereon alleges that all representations about the NuDerma Wands were made in a materially similar way to all individuals accessing the Pure Daily Care storefront.

17.     Plaintiff is informed and believes and thereon alleges that the NuDerma Wands were manufactured by Defendant ONYX and shipped directly to class members from and by Defendant Amazon, after payment was made to Defendant Amazon for the NuDerma Wands.

18.     NuDerma Wands would arrive to class members, such as Plaintiff, in packaging that included a NuDerma Wand and assorted attachments.  Some sets included fewer attachments than other sets.  Along with the wand and any attachments, the packaging also included five documents, including "Usage Instructions," "NuDerma Frequently Asked Questions," a "Thank You" note, and

4

CLASS ACTION COMPLAINT FOR DAMAGES

an advertisement for other Pure Daily Care products. The packaging included representations that the NuDerma Wand's "[h]igh frequency treatment is considered a safe, easy and gentle skin rejuvenation technology" and represented that using the NuDerma Wand will merely result in "slight tingling or zapping will be felt during treatment."

19. Plaintiff is informed and believes and thereon alleges that all packaging representations about the NuDerma Wands were made in a materially similar way to all individuals who ordered and received a NuDerma Wand kit.

20. Plaintiff purchased the NuDerma Wand via the Pure Daily Care storefront and received the wand. Despite the aforementioned representations of Defendants, and on or about April 18, 2020, Plaintiff's purchased NuDerma Wand exploded in her hand and sliced her finger, which necessitated stitches.

21. Plaintiff is informed and believes and thereon alleges that she used the NuDerma Wand consistent with how an average consumer would normally use the product.

22. Plaintiff is informed and believes and thereon alleges that contrary to Defendants' representations regarding the NuDerma Wands' safety and reliability, the NuDerma Wand contained an inherent electrical and/or glass defect that led to the wand's glass head attachment unexpectedly exploding into sharp small pieces, leaving Plaintiff with physical injuries.

23. While using the NuDerma Wand per ONYX's provided "Usage Instructions," Plaintiff was not aware of any defect or any indicators prior to the wand exploding. Neither of the Defendants provided any warning or precautions associated with the ordinary use of the NuDerma Wand. Plaintiff is informed and believes and thereon alleges that the NuDerma Wand was unfit for its ordinary purpose and posed a significant threat of injury to Plaintiff and other class members, despite ONYX's representations that the product was safe for home use.

24. At all times herein mentioned, Defendant Amazon was profiting off the sale of the NuDerma Wand via the Defendant Amazon website through a variety of fees Defendant Amazon charges its sellers, like ONYX, to sell on Defendant Amazon's website.

25. At all times herein mentioned, Defendant Amazon maintained control over and/or had a substantial ability to influence the distribution process of the NuDerma Wand because

CLASS ACTION COMPLAINT FOR DAMAGES

Defendant Amazon and Defendant ONYX, via the Pure Daily Care storefront, are in a fulfillment agreement, giving Defendant Amazon control over which products can be sold, how they can be sold, and how these products may be sent to Defendant Amazon's warehouses prior to shipment to the customer, amongst many other product regulations created by Defendant Amazon.

26.    Plaintiff is informed and believes and thereon alleges that other individuals across California have been similarly injured by, and/or received similarly defective, NuDerma Wands. Other customers have purchased the NuDerma Wand and submitted complaints, including complaints online, referencing the serious dangers posed by use of the NuDerma Wand. Despite this, the NuDerma Wand continues to be available for purchase on Defendant Amazon's website.

27.    Plaintiff, and other members of the class, relied upon the representations regarding the NuDerma Wand's safety and reliability in choosing to purchase a NuDerma Wand, including the lack of any representation regarding possible malfunction, explosion, or electrocution from using the NuDerma Wand.

### CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of herself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. Plaintiff seeks to represent a class of individuals composed of and defined as follows:

**All individuals in California that purchased a NuDerma Wand from the Pure Daily Care storefront between April 18, 2018 and the present (the "Class Period") (the "Class" or "Class Member" or "Class Members").**

29.    Pursuant to California Rules of Court, Rule 3.765, Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

30.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

31.    **Numerosity and Ascertainability** (C.C.P. §382): The potential number of Class members as defined is so numerous that joinder of all members would be unfeasible and

6

CLASS ACTION COMPLAINT FOR DAMAGES

impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The exact number of Class Members is presently unknown. However, Plaintiff is informed and believes and thereon alleges that the total number of Class Members is well inexcess of 100 individuals. Plaintiff is informed and believes and thereon alleges that the identity of such membership can readily be ascertained from Defendants' own sales information, including that information found via the Pure Daily Care storefront.

32. **Superiority** (C.C.P. §382): The nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class members is likely to be small, and potentially less than the jurisdictional limit for bringing this matter in a Civil Unlimited department, and the burden and expense of individual litigation would make it prohibitive for individual Class Members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class Members were to litigate separately.

33. **Well-defined Community of Interest:** Plaintiff also meets the established standard for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

34. **Typicality:** The claims of Plaintiff are typical of the claims of Class she seeks to represent because all Class Members sustained injuries and damages arising out of Defendants' common policies, practices and course of conduct in violation of law and the injuries and damages

CLASS ACTION COMPLAINT FOR DAMAGES

of all Class Members were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

35. **Adequacy:** Plaintiff Clark:

    a.    Is an adequate representative of the Class;

    b.    Will fairly protect the interests of all Class Members;

    c.    Has no interests antagonistic to any other Class Member; and

    d.    Will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

36. **Predominant Common Questions of Law or Fact:** There are common questions of law and/or fact as to Class Members that predominate over any individualized questions, including, but not limited, the following questions:

    a.    Whether the NuDerma Wands were defective;

    b.    Whether Defendants negligently manufactured the NuDerma Wands;

    c.    Whether Defendants negligently misrepresented the safety and reliability of the NuDerma Wand;

    d.    Whether Plaintiff relied upon representations from Defendants when choosing to purchase a NuDerma Wand;

    e.    Whether Defendants breached implied warranties of merchantability associated with the sale of the NuDerma Wand;

    f.    Whether Defendant ONYX breached express warranties associated with the sale of the NuDerma Wand;

    g.    Whether Defendants conduct as described herein constituted an unfair business practice under Business and Professions Code Section 17200, *et seq*;

    h.    Whether Defendants conduct as described herein constituted false advertising in violation of Business and Professions Code section 17500, *et seq.*;

    i.    Whether injunctive relief is appropriate to stem Defendants' wrongful conduct;

    j.    Whether Class Members are entitled to attorney's fees;

CLASS ACTION COMPLAINT FOR DAMAGES

k.    Whether Class Members are entitled to prejudgment interest;

l.    Whether Class Members are entitled to restitution;

m.    Whether each Class Member might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *Collins v. Rocha* (1972) 7 Cal.2d 232.

## FIRST CAUSE OF ACTION

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (Against All Defendants)

37.    Plaintiff re-alleges and re-asserts the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

38.    Defendants are, and at all relevant times mentioned herein were, merchants with respect to the NuDerma Wands.

39.    At the time Plaintiff and other Class Members purchased the NuDerma Wand, Defendants impliedly warranted that the NuDerma Wand was of merchantable quality and was safe and fit for its intended uses.

40.    Defendants, and each of them, breached the implied warranty described above, in that the NuDerma Wand was not of merchantable quality and was not safe and fit for its intended uses.

41.    Plaintiff is informed and believes and thereon alleges that the NuDerma Wands had an inherent electrical and/or glass defect, which was substantially likely to result in a malfunction during the useful life of the NuDerma Wand.

42.    When Plaintiff and Class Members purchased the NuDerma Wand, it contained a manufacturer defect, defect in assembly, design defect, warning defect, and/or other defects, rendering the NuDerma Wand unsafe for use, and making it impossible for Plaintiff and other Class Members to use the NuDerma Wand for its ordinary purposes.

43.    As a direct and proximate result of said breach by Defendants, and each of them, Plaintiff and Class Members has suffered damages in an amount to be proven at trial, including for

9

emotional distress and pain and suffering associated with physical harm caused by the NuDerma Wands.

## SECOND CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

## (Against DAJ DISTRIBUTION, INC. dba ONYX DISTRIBUTION, INC and DOES 1 – 20)

44.     Plaintiff re-alleges and re-asserts the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

45.     California Commercial Code ("Cal. Comm. Code") section 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

46.     Defendant ONYX expressly warranted that the NuDerma Wand was merchantable, safely designed and assembled, and fit for the purpose for which it was designed, produced, sold, and intended to be used.

47.     These representations about the NuDerma Wand: (1) are affirmations of fact or promises made by Defendant ONYX, to consumers including Plaintiff and Class Members, including that the NuDerma Wand uses "[h]igh frequency treatment [which] is considered a safe, easy and gentle skin rejuvenation technology" and a "slight tingling or zapping will be felt during treatment"; (2) became part of the basis of the bargain for Plaintiff's decision to use the NuDerma Wand; and (3) created an express warranty that the NuDerma Wand would conform to the affirmation of fact or promise. Defendant ONYX expressly asserted that there was "complete warranty" and that "[i]f anything goes wrong" that Defendant ONYX will "take care of it immediately."

48.     The NuDerma Wand malfunctioned during Plaintiff's normal course of use causing physical injury to Plaintiff, not meeting Defendant ONYX's expressed warranty that the NuDerma Wand uses "[h]igh frequency treatment [which] is considered a safe, easy and gentle skin

10

CLASS ACTION COMPLAINT FOR DAMAGES

rejuvenation technology" and that a "slight tingling or zapping will be felt during treatment", among other representations made by Defendant ONYX.

49. These representations were presented as fact and Defendant ONYX failed to warn Plaintiff and other Class Members of defects or risk of serious injury associated with the NuDerma Wand.

50. Defendant ONYX knew or should have known, by way of the multiple negative reviews posted on the product's Amazon page and complaints sent to Defendants regarding the lack of safety of the NuDerma Wand, that they concealed, suppressed, omitted, failed to disclose, and/or misrepresented the nature and/or extent of the NuDerma Wand's defects or potential dangers, with the intent that others, including Plaintiff, rely thereon.

51. Plaintiff, along with a portion of the putative Class, took reasonable steps to notify Defendant ONYX of the defect in the NuDerma Wands that could potentially cause injury. However, Defendant ONYX failed to provide a remedy to Plaintiff and Class Members for the defective NuDerma Wands as required by warranty, including physical injuries caused by normal use of the NuDerma Wands.

52. Defendant ONYX breached these express warranties in addition to the NuDerma Wand not being merchantable, not safely designed, not properly assembled, and/or not fit for the purpose for which it was intended to be used.

53. Plaintiff is informed and believes and thereon alleges that the NuDerma Wand had electrical and/or glass defects, which were substantially certain to result in a malfunction during the useful life of the NuDerma Wand. Defendant ONYX also failed to warn Plaintiff and other Class Members of potential dangers or risk of injuries associated with any defects relating to the NuDerma Wand. The failure of the NuDerma Wand to act in the matter in which it was represented was a substantial actor in causing harm to Plaintiff and Class Members.

54. Plaintiff has complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant ONYX's conduct described hereinabove.

55. As a direct and proximate result of said breach by Defendant ONYX, Plaintiff and Class Members have suffered damages in an amount to be proven at trial, including for emotional distress and pain and suffering associated with physical harm caused by the NuDerma Wands.

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY

### (Against All Defendants)

56. Plaintiff re-alleges and re-asserts the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

57. At all times herein mentioned, the NuDerma Wand electrical and/or glass component parts were defective as to their design, manufacture, and warnings, causing the NuDerma Wand and its component parts to be in a defective condition that made the NuDerma Wand dangerous and unsafe for its intended use. For example, one noted defect is the glass head, which when manufactured or designed ineffectively has the tendency to explode and break off unexpectedly and without warning, posing serious threat of injury to consumers such as Plaintiff and Class Members.

58. Plaintiff is informed and believes and thereon alleges that the glass head attachment was prone to failure due to a manufacturer defect, defects in assembly, design defects, warning defects, and/or other defects that existed at the time the NuDerma Wand left the possession of Defendants. Further, the risk of danger inherent in the glass head's design outweighed the benefits achieved from the use of the defective product.

59. At the time of the subject incident, Plaintiff was using the NuDerma Wand in the manner for which it was intended. Plaintiff is informed and believes and thereon alleges that other Class Members were similarly using the NuDerma Wand as intended.

60. At all times herein mentioned, Defendant Amazon was profiting off the sale of the NuDerma Wand via its website through a variety of fees charged to its sellers, like Defendant ONYX, to sell on Defendant Amazon's website.

61. At all times herein mentioned, Defendant Amazon's role was integral to Defendant ONYX's business enterprise and Defendant Amazon's conduct was a necessary factor in bringing

12

the NuDerma Wand to the consumer market because Defendant Amazon has allowed Defendant ONYX, via the Pure Daily Care, to operate as a storefront on Amazon's website. Defendant Amazon advertises for each of its Storefront sellers and directly chooses which sellers can have Storefronts.

62. At all times herein mentioned, Defendant Amazon maintained control over and/or had a substantial ability to influence the distribution process of the NuDerma Wand because Defendant Amazon and Defendant ONYX, via Pure Daily Care, are in a fulfillment agreement, giving Defendant Amazon control over which products can be sold, how they can be sold, and how these products may be sent to Defendant Amazon warehouses prior to shipment to the customer, amongst many other product regulations created by Defendant Amazon.

63. Plaintiff informed Defendant Amazon and Defendant ONYX of the incident and the defect. Nevertheless, the NuDerma Wand continues to be sold to the public via Defendant Amazon's website.

64. As a direct and proximate result of the dangerous and defective condition of the NuDerma Wand as described above, Plaintiff and Class Members have suffered damages in an amount to be proven at trial, including for emotional distress and pain and suffering associated with physical harm caused by the NuDerma Wands.

65. Additionally, and despite repeated warnings via multiple negative reviews posted on the product's Amazon page and complaints sent to Defendants regarding the lack of safety of the NuDerma Wand, Defendants concealed, suppressed, omitted, failed to disclose, and/or misrepresented the nature and/or extent of the NuDerma Wand's electrical and/or glass defects, with the intent that others, including Plaintiff, rely thereon, thereby acting with malice and conscious disregard for the wellbeing of Plaintiff, Class Members, and the public at large. Even today, Defendants wrongfully continue to sell the NuDerma Wand to the public via Amazon's website, thereby acting with malice and conscious disregard for the wellbeing of Plaintiff, Class Members, and the public at large. Accordingly, and pursuant to California Code of Civil Procedure section 3294, Plaintiff and Class Members are entitled to an award of punitive or exemplary damages sufficient to deter Defendants from engaging in such conduct in the future.

# FOURTH CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants)

66.    Plaintiff re-alleges each and every allegation contained in the above paragraphs and by this reference incorporates said paragraphs as though fully set forth herein.

67.    The NuDerma Wand was designed, manufactured, distributed, marketed, sold, and warranted by Defendants.

68.    Defendants had a duty to Plaintiff and other Class Members to act as a reasonable business would in the designing, manufacturing, distributing, marketing, selling, and warranting of the NuDerma Wand. Defendants had a further duty to Plaintiff and other Class Members to inform them of known defects affecting the safety of the NuDerma Wands.

69.    Defendants breached their duty of care by negligently designing and/or manufacturing and/or assembling the NuDerma Wand with electrical and/or glass defects and allowing the defective NuDerma Wand to enter the stream of commerce. Defendants further breached their duty of care by failing to advise and inform Plaintiff and other Class Members of the existence and scope of the defect and/or provide material warnings regarding use of the NuDerma Wand.

70.    Defendants failed to use ordinary care and skill in the designing and/or manufacturing and/or assembling of the NuDerma Wand. Defendants failed to take reasonable precautions to ensure that the NuDerma Wands would be free of electrical and/or glass defects and would not suffer a failure when used for its intended purpose.

71.    Defendants designed, manufactured, distributed, marketed, sold, and warranted the NuDerma Wand to Plaintiff and Class Members without conducting the proper inspections and disclosures with regard to the defective electrical and glass components.

72.    Similarly, Defendants failed to use ordinary and reasonable care when making representations regarding the safety and reliability of the NuDerma Wands. Specifically, Defendants made representations that the NuDerma Wands were "painless" and "safe" when they

14

CLASS ACTION COMPLAINT FOR DAMAGES

knew or should have known that such statements were false. At a minimum, Defendants made these statements without reasonable grounds for believing they were true when they were made.

73.    Defendants intended that Plaintiffs and Class Members rely on these representations and elect to purchase a NuDerma Wand and, in fact, Plaintiff reasonably relied on these representations in electing to purchase the NuDerma Wand. Moreover, the representations made by Defendants were of the sort that would likely be relied on by the public and further likely to deceive the public.

74.    As a direct and proximate result of the aforementioned negligent conduct of Defendants, and each of them, Plaintiff and Class Members have suffered damages in an amount to be proven at trial, including for emotional distress and pain and suffering associated with physical harm caused by the NuDerma Wands.

## FIFTH CAUSE OF ACTION

**Violation of California's Unfair Business Practices Act, California Business & Professions Code section 17200 et seq.**

**(Against All Defendants)**

75.    Plaintiff re-alleges each and every allegation contained in the above paragraphs and by this reference incorporates said paragraphs as though fully set forth herein.

76.    Defendants are "persons" as that term is defined under Business & Professions Code section 17021.

77.    California Business & Professions Code section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

78.    Defendants knowingly made false statements and representations to the public generally, including to Plaintiffs and Class Members, regarding the quality, safety, and reliability of the NuDerma Wands, including those representations herein specifically stated.

79.    For example, Defendants knew the electrical and glass components of the NuDerma Wand were defectively designed or manufactured, could fail prematurely and were not suitable for their intended use. Failing to disclose the defective electrical and glass components of the

15

CLASS ACTION COMPLAINT FOR DAMAGES

NuDerma Wand, Defendants knowingly and intentionally concealed material facts and breached their duty not to conceal such facts.

80. As described herein, Defendants' statements and representations were made with the intention of individual consumers relying on them and they were of the type that the general public would, in fact, rely on.

81. Defendants' conduct in advertising the NuDerma Wands and encouraging Plaintiffs and other Class Members to purchase the NuDerma Wands in reliance on those false and deceptive statements and advertising is violative of section 17200.

82. Defendants' false and unfair conduct was a substantial factor in causing Plaintiffs and Class Members harm. Plaintiffs and Class Members were harmed because they relied on representations, or the failure to disclose material defects, when deciding on purchasing the NuDerma Wand.

83. As a direct and proximate result of Defendants' conduct, Plaintiffs and Class Members have incurred and will continue to incur damages in an amount according to proof, but in excess of the jurisdictional minimum of this Court, including for emotional distress and pain and suffering associated with physical harm caused by the NuDerma Wands.

84. Further, Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and Class members pursuant to Business & Professions Code sections 17203 and 17204.

85. Moreover, Plaintiffs and Class Members seek reasonably attorney's fees and costs pursuant to California Civil Code section 1021.5.

86. Lastly, Plaintiff and Class Members are further entitled to injunctive relief against Defendants. Given that the NuDerma Wand has repeatedly been proven to be dangerous, permanent injunctive relief is warranted.

//

//

//

CLASS ACTION COMPLAINT FOR DAMAGES

# SIXTH CAUSE OF ACTION

**False Advertising in Violation of Business & Professions Code section 17500**

**(Against All Defendants)**

87. Plaintiff re-alleges and re-asserts the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

88. Defendants are "persons" as that term is defined under Business & Professions Code section 17021.

89. California Business & Professions Code section 17500 provides that:

It is unlawful for any person . . . corporation or association, or any employee thereof with intent directly or indirectly to dispose of . . . personal property . . . , or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public . . . in any . . . advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that . . . personal property . . ., or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property . . . as so advertised.

90. As alleged herein, Defendants violated Section 17500 by disseminating to the public, Plaintiff, and Class Members via documentation, including via the Pure Daily Care storefront, claims regarding the safety and efficacy of the NuDerma Wands.

91. Defendants further violated Section 17500 by making continuous representations to the public, Plaintiff, and other Class Members that the NuDerma Wands were safe and reliable despite repeated complaints to the contrary.

92. Defendants intended that Plaintiff and Class Members rely on these false advertisements and statement and proceed with purchasing the NuDerma Wands.

93. In fact, Plaintiff reasonably relied on these false statements and advertisements and entered into the agreement to lease a unit at the Property. Moreover, the false advertisements and statements made by Defendants were of the sort that would likely be relied on by the public and further likely to deceive the public.

17

CLASS ACTION COMPLAINT FOR DAMAGES

94.     Defendants' false advertisements and statements were a substantial factor in causing Plaintiff and Class Members harm.  Plaintiff and Class Members were harmed because they relied on representations, or the failure to disclose material defects, when deciding on purchasing the NuDerma Wand.

95.     As a direct and proximate result of the intentional misrepresentations, Plaintiff and Class Members have incurred and will continue to incur damages in an amount according to proof, but in excess of the jurisdictional minimum of this Court.  Plaintiffs are also entitled to injunctive relief and restitution against Defendants in an amount to be determined at the time of the trial.

96.     Moreover, and pursuant to section 17500, Plaintiff and Class Members seek fines against Defendants up to $2,500.00 for each violation as stated herein.  Plaintiff and Class Members also seek reasonably attorney's fees and costs pursuant to California Civil Code section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against the defendants, and each of them, as follows:

1.     For compensatory damages, according to proof;

2.     For injunctive relief as necessary;

3.     For restitution, according to proof;

4.     For penalties, according to proof;

5.     For pre- and post-judgment interest;

6.     For costs of suit incurred herein;

7.     For punitive damages; and,

8.     For such other and further relief as the Court deems just and proper.

Dated:  April 18, 2022                          **MARTORELL LAW, APC**

By: _____

Eduardo Martorell
Jean-Paul Le Clercq
Attorneys for Plaintiff and the Proposed Class

18

CLASS ACTION COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a trial by jury as to all causes of action.

Dated: April 18, 2022                                    **MARTORELL LAW, APC**

By: _____
       Eduardo Martorell
       Jean-Paul Le Clercq
       Attorneys for Plaintiff and the Proposed Class

19
CLASS ACTION COMPLAINT FOR DAMAGES

Electronically Filed by Superior Court of California, County of Orange, 08/15/2022 01:58:00 PM.
30-2022-01255339-CU-PL-CXC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By A. Thau, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):** | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)** |

AMAZON.COM, INC., a Washington corporation; DAJ DISTRIBUTION, INC. dba ONYX DISTRIBUTION, INC., a California corporation; and DOES 1 – 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JASMIN CLARK, individually and on behalf of all similarly situated individuals,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court - Civil Complex Center<br>751 West Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2022-01255339-CU-PL-CXC |

Judge Peter Wilson

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jean-Paul Le Clercq; Martorell Law APC, 6100 Center Drive, Suite 1130, Los Angeles, CA 90045, Phone: (323) 840-1200

| | | | |
|---|---|---|---|
| DATE: 08/15/2022<br>*(Fecha)* | DAVID H. YAMASAKI,<br>Clerk of the Court | Clerk, by<br>*(Secretario)* | A. THAU , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 Rev. Dec. 2019                                                                Page 1 of 4

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 Rev. Dec. 2019                                                                 Page 2 of 4

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues  that  require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences.  Settlement conferences may be  either mandatory or  voluntary.  In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any  case  where settlement is an option. Mandatory settlement conferences are often held close  to the date  a case  is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of  ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early  Neutral  Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the  Court's panel have agreed to accept a fee of $300 for up  to  three  hours  of  an  ENE  session.  Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                            STATE:          ZIP CODE:<br>TELEPHONE NO.:                   FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)
                                     California Rules of Court, rule 3.221

Electronically Filed by Superior Court of California, County of Orange, 04/18/2022 06:46:33 PM.
30-2022-01255339-CU-PL-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Eduardo Martorell, SBN 240027; Jean-Paul Le Clercq, SBN 248818 <br> Martorell Law APC, 6100 Center Drive, Suite 1130, Los Angeles, CA 90045 <br><br> TELEPHONE NO.: **(323) 840-1200**    FAX NO. *(Optional):* **(323) 840-1300** <br> E-MAIL ADDRESS: emartorell@martorell-law.com; JPLeClercq@Martorell-Law.com <br> ATTORNEY FOR *(Name):* **Attorneys for Plaintiff JASMIN CLARK and the class** | *FOR COURT USE ONLY* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: **751 West Santa Ana Blvd.**
MAILING ADDRESS: **751 West Santa Ana Blvd.**
CITY AND ZIP CODE: **Santa Ana, CA 92701**
BRANCH NAME: **Civil Complex Center**

CASE NAME:
CLARK, et al. V. AMAZON.COM, INC., etc., et al.

| **CIVIL CASE COVER SHEET** <br> [X] **Unlimited**　[ ] **Limited** <br> (Amount　(Amount <br> demanded　demanded is <br> exceeds $25,000)　$25,000 or less) | **Complex Case Designation** <br> [ ] Counter　[ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: **30-2022-01255339-CU-PL-CXC** <br> **Judge Peter Wilson** <br> JUDGE: <br> DEPT.: **CX-102** |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [X] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 18, 2022
Jean-Paul Le Clercq
_____　▶ _____
(TYPE OR PRINT NAME)　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |
|---|---|---|



ATTN:
Jessica
Martorel
6100 Center Drive, Suite 1130
Los Angeles, CA 90045

CERTIFIED MAIL

7017 0190 0000 6383 7439

ATTN: Legal Department- Legal Process
Amazon.com, INC.
300 Deschutes Way, Suite 304
Tumwater, WA 98501